UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE, COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:05-CV-123 |
| v. | ) ) | Edgar / Lee |
| M. L. AUSTIN, et al., | ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.      Introduction**

Before the court is the motion of defendant Sharon Denise James ("James") for payment of insurance benefits [Doc. No. 24-1]. James' motion has been referred to the undersigned for an evidentiary hearing and for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. No. 25]. The order referring this matter to the undersigned also provided a guardian *ad litem* should be appointed to represent the interests of the four minor defendants [*id.*]. Consequently, on December 21, 2005, this court entered an order appointing Attorney John M. Higgason, Jr. ("Higgason"), as guardian *ad litem* for the four minor defendants, M. L. A., C. M. D., A. S. E., and C. M. J. [Doc. No. 26].

A evidentiary hearing on James' motion was held on March 15, 2006. Present at the hearing were: (1) Attorney D. Mitchell Bryant for James; (2) Higgason as appointed guardian *ad litem* for the four minor defendants; (3) three of the four minor defendants, M. L. A., C. M. D., and C. M. J.;

and (4) James and her husband, Paul Austin.[1]

## II. Background

Plaintiff Metropolitan Life Insurance Company ("MetLife") filed an action in interpleader pursuant to Fed. R. Civ. P. 22 on April 29, 2005 [Doc. No. 1-1]. MetLife joined all the defendants as adverse parties in this action because it believed it was faced with conflicting claims to the proceeds of a life insurance policy of Richard F. Witkowski ("Witkowski") [Doc. No. 1-1 at ¶ 11]. Witkowski was a retired employee of General Motors Corporation and participated in the General Motors Corporation Life and Disability Plan ("the Plan") [*id*.]. The life insurance proceeds under the Plan were funded by a Group Life Insurance Policy issued to General Motors by MetLife [id]. Witkowski died on January 17, 2005 [Doc. No. 1-5 at 1]. At the time of his death, Witkowski was enrolled in the Plan and his basic life insurance benefits were Fourteen Thousand One Hundred Thirty-Eight Dollars ($14,138.00) [Doc. No. 1-1 at ¶ 12; Doc. No. 17 at ¶ 9].

In its interpleader complaint, MetLife alleged that on November 20, 2004, Witkowski executed a Designation of Beneficiary Form in which he named James, his stepdaughter, as sole (100%) beneficiary for the basic life insurance benefits under the Plan in the event of his death [Doc. No. 1-1 at ¶ 13]. A copy of this designation of beneficiary form is attached to MetLife's complaint [Doc. No. 1-4 at 1]. MetLife further alleged that on January 4, 2005, Witkowski completed a Designation of Beneficiary Form using the Internet, which provided the four minor defendants, M. L. A., C. M. D., A. S. E., and C. M. J., would each receive 25% of the life insurance benefits payable under the Plan in the event of his death [Doc. No. 1-1 at ¶ 14]. A copy of the alleged January 4,

---

[1] The minor defendant A. S. E. was not present at the hearing. Attorney Bryant stated he had previously spoken to the father of A. S. E. Higgason stated he would send a copy of this report and recommendation to the last known address of A. S. E.'s father.

2005, Designation of Beneficiary Form is attached to MetLife's complaint [Doc. No. 1-4 at 2, 3].

On August 4, 2005, MetLife filed a motion to deposit the Plan benefits ($14,138.00), plus interest, if any, into the Registry of this court and to be dismissed from this action [Doc. No. 19]. On September 27, 2005, this court granted in part and denied in part MetLife's motion [Doc. No. 21]. MetLife's motion to interplead and deposit the Plan benefits, $14,138.00 plus interest into the registry of the court was granted; and, any and all claims by the defendants against MetLife concerning life insurance benefits under the Plan were dismissed with prejudice. [Doc. No. 21 at 5-6]. MetLife motion for an award of attorney's fees and litigation expenses, with the exception of court costs, was denied [*id.* at 5]. However, MetLife was permitted to recover its costs and, in order to be awarded costs, was required to file a bill of costs with the clerk on or before November 1, 2005 [*id.* at 6].

On September 29, 2005, MetLife filed its bill of costs seeking $250.00 [Doc. No. 22], which was paid on January 11, 2006 [Doc. No. 27]. On October 17, 2005, Met Life deposited the proceeds of Witkowski's life insurance benefits under the Plan into the registry of the court [Doc. No. 23]. James filed the instant motion for release of funds (insurance benefits) on October 27, 2005 [Doc. No. 25].

### III. The Evidentiary Hearing

#### (1) James' Motion for Payment of Insurance Benefits

At the hearing, Higgason stated that as part of his investigation into the merits of the claims of the four minor defendants to the insurance proceeds, he spoke with several individuals in the general counsel's office at General Motors Corporation. Higgason presented the Affidavit of Ava Aubrey, the Senior Administrator of Life Insurance for General Motors Corporation in Detroit,

3

Michigan [Exhibit 1]. Aubrey's affidavit of March 13, 2006, states in pertinent part:

> Mr. Richard F. Witkowski . . . completed a beneficiary form dated June 15, 2003 naming his four step-grandchildren as primary beneficiaries (25% each) of his basic life insurance. Step-daughter Sharon D. James was named the contingent beneficiary. This form was received and input into the MetLife online system on June 25, 2003.
>
> Mr. Richard F. Witkowski completed a beneficiary form dated November 20, 2004 naming his step-daughter Sharon D. James as primary beneficiary and his son-in-law Paul Henry Austin Jr. as contingent beneficiary.
>
> During the month of December 2004 General Motors began its transition of administration from MetLife to Fidelity, and this beneficiary form was forwarded to Fidelity and was made part of Mr. Witkowski [sic] record in January, 2005.
>
> As part of the Administration transition process, MetLife provided Fidelity with a conversion file of all of its electronic beneficiary designations. Unfortunately, when uploading the conversion file, Fidelity inappropriately labeled all the beneficiary designations on the file with a January 05, 2005 designation date.
>
> When Mr. Witkowski [sic] death was reported, Fidelity placed all beneficiary designations made by Mr. Witkowski in date order to determine the most recent designation. As a result, the misdated designation was determined to be the most recent with a designation date of January 05, 2005.
>
> The last beneficiary of record for Mr. Witkowski is dated November 20, 2004 naming his step-daughter Sharon D. James as primary beneficiary.

[*id*]. Higgason stated that, upon completing his investigation, he concluded the four minor children had no interest in the proceeds of Witkowski's life insurance benefits under the Plan because the November 2004 designation which made James the sole beneficiary was the most recent change of beneficiary. Higgason stated he had identified no evidence indicating the minor children had any interest in the life insurance proceeds; and, he was concerned continuing the investigation would

4

only consume the limited amount of life insurance proceeds by generating more expense. Higgason also stated that granting James' motion for payment of the life insurance proceeds would be in the best interest of the minor children under the circumstances. James presented no evidence at the hearing.

Based on the record and evidence, I conclude James is the designated beneficiary and is entitled to the proceeds of Witkowski's life insurance benefits under the Plan. Therefore, it is **RECOMMENDED** James' motion for payment of insurance benefits [Doc. No. 24-1] be **GRANTED**.

### (2) Higgason's Affidavit for Fees and Expenses

At the conclusion of the hearing, Higgason stated he would be submitting an affidavit as his application for services as guardian *ad litem.* Higgason stated he would be seeking $195.00 per hour for his services plus expenses. James had no objection to this hourly rate, stating it was reasonable. Subsequently, Higgason submitted an affidavit, which will be treated as an application for fees, seeking $1,628.25 in fees for 8.35 hours of services rendered as guardian *ad litem* at an hourly rate of $195.00 [Doc. No. 32]. James has submitted no objection to the claimed fees.

I conclude the fees sought by Higgason for his services as guardian *ad litem* are reasonable. Therefore, it is **RECOMMENDED** Higgason's application for fees [Doc. No. 32] be **GRANTED**, and that he be paid $1,628.25 from the life insurance proceeds for services rendered as guardian *ad litem*.

**IV.    Conclusion**

For the reasons stated above, it is **RECOMMENDED**[2]:

(1)    Higgason's application for fees [Doc. No. 32] be **GRANTED**, and that he be paid $1,628.25 from the life insurance proceeds for services rendered as guardian *ad litem* [Doc. No. 32]; and,

(2)    James' motion for payment of insurance benefits [Doc. No. 24-1] be **GRANTED,** and that all remaining monies deposited into the registry of the court, plus interest if any, be paid to James after paying $1,628.25 in fees to Higgason.

          s/*Susan K. Lee*
          SUSAN K. LEE
          UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).